# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CGB DIVERSIFIED SERVICES, INC.,

    Plaintiff,

v.

ROBIN FORSYTHE,

    Defendant.

Case No. 20-2120-JAR-TJJ

## MEMORANDUM AND ORDER

On March 20, 2020, the Court conducted a telephonic hearing on Plaintiff CBG Diversified Services, Inc.'s ("Diversified") Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5). Defendant Robin Forsythe filed an expedited response. After hearing arguments and statements of counsel, as well as reviewing the parties' briefs and relevant submissions, the Court grants in part Plaintiff's motion for a limited temporary restraining order prohibiting Defendant from communicating with his former clients directly or indirectly regarding their crop insurance policies.

A temporary restraining order preserves the status quo and prevents immediate and irreparable harm until the court has an opportunity to pass upon the merits of a demand for preliminary injunction.[1] The Court applies the same standard governing issuance of preliminary injunctions.[2] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public

---

[1] *Flying Cross Check, L.L.C. v. Central Hockey League, Inc.,* 153 F. Supp. 2d 1253, 1258 (D. Kan. 2001).
[2] *See Rangel-Lopez v. Cox*, 344 F. Supp. 3d 1285, 1289 (D. Kan. 2018).

interest."³  This standard "requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction."⁴

At the hearing earlier today, both parties agreed that there are factual disputes bearing on all of these factors that should be addressed in the context of an evidentiary hearing on the motion for preliminary injunction.  The Court declines to address these factors in the absence of a more robust evidentiary record.  Plaintiff's broad request for injunctive relief in the motion is therefore inappropriate, except to the extent it seeks a restraining order barring Defendant from any further violations of the non-solicitation provisions in the parties' Confidentiality, Non-Compete and Non-Solicitation Agreement pending the Court's decision on the preliminary injunction motion.⁵  The Court finds that Plaintiff has made a showing sufficient for this limited temporary restraining order.  Moreover, Plaintiff may continue to elicit information from Defendant's former customers to ascertain their intent when they submitted cancellation or transfer applications prior to the February 28, 2020 deadline.  To the extent this process renders the motion for preliminary injunction moot, Plaintiff shall so notify the Court.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff CBG Diversified Services, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5) is **granted in part, denied in part, and deferred in part**.  Plaintiff's motion for temporary injunction is granted in limited part.  Defendant Robin Forsythe is hereby prohibited from communicating with his former Diversified customers directly or indirectly regarding their crop insurance policies.  The motion for temporary restraining order is otherwise denied and the Court

---

³*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (emphasis in original).
⁴*Id.* at 21.
⁵Doc. 1-1.

defers ruling on the motion for preliminary injunction until after a full evidentiary hearing.  The Court will be in contact with the parties forthwith to discuss scheduling a hearing date.

**IT IS SO ORDERED.**

Dated: March 20, 2020

S/ Julie A. Robinson  
JULIE A. ROBINSON  
CHIEF UNITED STATES DISTRICT JUDGE