IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CGB DIVERSIFIED SERVICES, INC.,

    Plaintiff,

v.

ROBIN FORSYTHE,

    Defendant.

Case No. 20-2120-JAR-TJJ

## MEMORANDUM AND ORDER

This case involves allegations of breach of confidentiality and non-compete and non-solicitation agreements, unlawful use and disclosure of trade secrets, and tortious interference. On March 16, 2020, Plaintiff filed for a Temporary Restraining Order,[1] which has been granted in part, denied in part, and deferred in part.[2] Now, Plaintiff seeks expedited discovery in preparation for a yet to-be-set Preliminary Injunction hearing.[3] Defendant opposes Plaintiff's request for expedited discovery in part, proposing instead that the parties be ordered to conduct their Rule 26(f) conference within two weeks, submit their planning report and exchange of initial disclosures three days later, and participate in a Rule 16 scheduling conference with the Court four days after that.[4] For the reasons discussed below, the Court grants Plaintiff's motion in part and in large part adopts Defendant's proposal.

---

[1] ECF No. 5.

[2] *See* ECF No. 20.

[3] ECF No. 22.

[4] ECF No. 25.

Plaintiff requests permission "to engage in limited discovery on an expedited basis" to develop "even more evidence justifying a preliminary injunction."[5] Plaintiff indicates it would like to serve six requests for production of documents and take Defendant's video deposition, and that any additional discovery necessary for briefing and argument on Plaintiff's motion for preliminary injunction be granted on an expedited basis.

Defendant argues instead that the Court should follow the same approach used in *Biomin Am., Inc. v. Lesaffre Yeast Corp.*[6] In *Biomin*, the plaintiff alleged two of its former employees violated non-competition, non-solicitation, and confidentiality covenants in their employment agreements in the course of working for their current employer. The plaintiff filed a motion for a temporary restraining order and a motion for leave to serve document requests before the parties conducted their Rule 26(f) discovery-planning conference, to shorten to 21 days the time for responding to such document requests, and to obtain an expedited Rule 16 scheduling conference with the court. The plaintiff's motion for a temporary restraining order was denied but Magistrate Judge O'Hara granted in part the plaintiff's request for expedited discovery and set an expedited timeframe for the parties to conduct their Rule 26(f) planning conference and Rule 16 scheduling conference with the Court.

Under Fed. R. Civ. P. 26(d)(1), a party may not seek "discovery from any source before the parties have conferred as required by Rule 26(f)" unless authorized by the federal rules, stipulation, or court order. However, the court has discretion to "alter the timing, sequence and volume of discovery."[7] Because of this broad discretion, the Court is also "authorized to permit

---

[5] ECF No. 22 at 2.

[6] No. 20-2109-HLT, 2020 WL 1659858, at *2 (D. Kan. Apr. 3, 2020).

[7] *Thermal Sols., Inc. v. Imura Int'l U.S.A. Inc.*, No. 08-CV-2220-JWL-DJW, 2008 WL 2561098, at *1 (D. Kan. June 26, 2008) (internal quotations omitted).

2

discovery before the Rule 26(f) conference and to shorten the time to respond to interrogatories and document requests to less than 30 days."[8] A party seeking expedited discovery in advance of its Rule 26(f) planning conference bears the burden of showing good cause for its requested departure from the usual discovery procedures.[9]

Plaintiff cites five factors commonly considered by courts when deciding whether to allow expedited discovery: (1) whether an injunction is pending; (2) the scope of the discovery requests; (3) the reason for requesting expedited discovery; (4) the burden on the responding party to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.[10] Defendant argues the Court need not consider the factors and instead should follow the approach from *Biomin*.[11]

The parties' respective positions regarding expedited discovery in this case are not all that different. In his opposition to Plaintiff's motion, Defendant states he "is not opposed to beginning the discovery process in this case, but it should be mutual and structured."[12] Notably, though, Plaintiff *does* contemplate mutual discovery.[13] And, in his opposition, Defendant does not expressly complain about the scope of the expedited discovery Plaintiff requests, but rather that "it should commence for both parties equally and only after they have discussed the issues remaining in the case, the scope . . . and the best approach for conducting that discovery in the

---

[8] *Biomin Am., Inc. v. Lesaffre Yeast Corp.*, No. 20-2109-HLT, 2020 WL 1659858, at *1 (D. Kan. Apr. 3, 2020) (citations omitted).

[9] *Id.* at *2 (citations omitted).

[10] *HydroChem LLC v. Keating*, No. 17-cv-1281-JTM-TJJ, 2017 WL 5483441, at *1 (D. Kan. Nov. 15, 2017) (internal citation omitted).

[11] ECF No. 25 at 2. The Court in *Biomin* declined to consider the same five factors, noting that they all weighed against granting the plaintiff's request for expedited discovery. *See Biomin*, 2020 WL 1659858, at *2.

[12] ECF No. 25 at 1.

[13] ECF No. 28 at 3–4 (Plaintiff proposes "permitting any additional discovery necessary for briefing and argument on [Plaintiff's] motion for a preliminary injunction on an expedited basis.").

current state of the world."[14] Defendant proposes the parties should first complete the Rule 26(f) planning process and Rule 16 scheduling conference with the Court. In its reply, Plaintiff does not object to Defendant's proposal. Instead, Plaintiff states it "is *not* fundamentally opposed to [Defendant's] proposal, [but that Defendant's] reliance on *Adams* is misplaced."[15]

In short, Plaintiff and Defendant agree that expedited mutual discovery would be appropriate in this case, but they disagree on how the expedited discovery should be structured. Under these circumstances, the Court need not conduct a lengthy analysis of the five factors commonly considered in determining whether to allow expedited discovery. Rather, the Court finds that expedited discovery should be allowed in this case, but at this point only insofar as the Court will expedite the parties' deadline for completing the Rule 26(f) planning process and scheduling of the Rule 16 scheduling conference. As explained below, the Court finds that Plaintiff has not shown good cause for its request that Defendant's responses to the requests for production attached to Plaintiff's motion be expedited, and that Plaintiff be allowed to notice Defendant's video deposition, all before the parties participate in the Rule 26 planning process and a Rule 16 scheduling conference. The Court will take up the timing and sequence of discovery at the Rule 16 conference; Plaintiff's specific proposed expedited discovery as well as any expedited discovery Defendant may propose will be taken up at that time.

Briefly, the Court finds that the five factors referenced, *supra,* overall weigh against Plaintiff's specific requests for expedited discovery from Defendant, prior to completing the procedure set out in Rules 16 and 26. As to the first factor, although Plaintiff is correct that there is a pending motion for preliminary injunction, no hearing has been set, and likely will not be set

---

[14] ECF No. 25 at 1.

[15] ECF No. 28 at 2 (emphasis added) (citing *CGB Diversified Servs., Inc. v. Adams*, No. 20-2061-HLT-KGG, 2020 WL 1271772 (D. Kan. Mar. 17, 2020)).

until at least June.[16] While Plaintiff argues that the pending preliminary injunction hearing distinguishes this case from *Adams* and *Biomin*, this is a distinction without a significant difference given that a hearing has not yet been scheduled and won't be scheduled for some time.

As to the second factor, although Defendant has not expressly objected to the scope of expedited discovery proposed by Plaintiff, the Court finds the proper scope and sequence of discovery is best reserved for discussion during the Rule 16 scheduling conference. The Court is mindful that Judge Robinson found "Plaintiff's broad request for injunctive relief in the motion . . . inappropriate, except to the extent it seeks a restraining order barring Defendant from *any further violations* of the non-solicitation provisions in the parties' Confidentiality, Non-Compete and Non-Solicitation Agreement pending the Court's decision on the preliminary injunction motion."[17]

As to the third factor, again, the Court finds that Plaintiff has not demonstrated any compelling reason for expediting its specific requested discovery before the parties complete the procedure established in Rules 16 and 26. As to the fourth factor, the Court notes that Plaintiff's motion comes at a time when the country is in the midst of the COVID-19 national emergency and while much of the country was (and even now some areas still may be) under stay-at-home orders. Therefore, the burden on the responding party of producing Defendant for an expedited deposition could place a very heavy burden upon Defendant. And, as discussed, as to the fifth factor, it is very early in this case. Thus, taking into account all five factors, the Court is not persuaded that Plaintiff is entitled to its requested discovery before the parties complete the Rule 26 planning process and participate in a Rule 16 scheduling conference.

---

[16] Because of difficulty scheduling travel for counsel and witnesses and the ongoing COVID-19 pandemic, a preliminary injunction hearing will likely not occur until at least June. *See* ECF No. 25-1.

[17] ECF No. 20 at 2 (emphasis added).

The Court notes that the process it imposes here is consistent with the approach taken by the courts in *Biomin* and *Adams*. Moreover, even in the case Plaintiff argues is more applicable than the cases Defendant cites, *Designs LLC v. Cox*,[18] the Court granted the motion for expedited discovery only in part and also set an expedited Rule 16 conference before the preliminary injunction hearing. In *Cox*, as in this case, the Court had not set a preliminary injunction hearing. The Court in *Cox* also allowed the defendant to seek discovery. Defendant here has indicated he might also seek discovery, once the parties "have discussed the issues remaining in the case, the scope of expected discovery and the best approach for conducting that discovery."[19] The Court concludes it will be most efficient for the parties to conduct a standard Rule 26(f) conference and to raise any disputes regarding potential expedited discovery with the Court during the Rule 16 scheduling conference.

Therefore, the Court will subsequently enter a separate order setting a telephonic Rule 16 conference for **May 27, 2020 at 3:30 p.m.** Counsel will be directed to conduct their Rule 26(f) conference (which presumably also will be conducted by telephone, given the pandemic situation) by **May 20, 2020**, and to submit their planning meeting report and initial disclosures to the undersigned's chambers via e-mail by **May 26, 2020**. In their planning meeting report, the parties shall set out their agreement regarding the nature, timing and scope of their proposed expedited discovery or, if they cannot agree after conferring in good faith, the parties shall set out their respective positions on these issues.

**IT IS THEREFORE ORDERED BY THE COURT** that CGB Diversified Services Inc.'s Motion for Expedited Discovery (ECF No. 22) is granted in part as outlined above.

---

[18] No. 12-2406-JWL, 2012 WL 13028926 (D. Kan. July 30, 2012).
[19] ECF No. 25 at 1.

**IT IS SO ORDERED.**

Dated May 6, 2020, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

7