**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CGB DIVERSIFIED SERVICES, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-cv-2120-TC-TJJ |
| | ) |
| **ROBIN FORSYTHE,** | ) |
| | ) |
| Defendant. | ) |

## SECOND AMENDED SCHEDULING ORDER

This matter is before the Court on Plaintiff's Motion to Modify Amended Scheduling Order (ECF No. 55). Defendant opposes Plaintiff's motion.

Plaintiff asks the Court to modify the Amended Scheduling Order for several reasons: (1) most of Plaintiff's offices have been closed since March 2020, making discovery difficult; (2) shortly after the Court entered the November 30, 2020 Amended Scheduling Order, Plaintiff was acquired by a different entity, and in late December 2020, Plaintiff's in-house attorney overseeing the lawsuit left the company without adequate transition time; and (3) Plaintiff recently retained new lead counsel in this matter. Plaintiff claims that these reasons constitute good cause for further modifying the schedule for this case.

The standard for amending a Scheduling Order is, as Plaintiff contends, good cause.[1] But that standard applies when the deadlines have not yet passed. Here, one deadline had passed before Plaintiff filed its motion—Plaintiff's expert disclosure deadline—and another passed after the motion was fully briefed. For the deadline that passed before Plaintiff filed its motion, Plaintiff must show both good cause and excusable neglect.[2]

---

[1] Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

[2] Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . (B) on motion made after the time has expired if the party failed to act because of

Defendant responds that Plaintiff has failed to adequately demonstrate a need to further extend deadlines in this case. Defendant argues that Plaintiff has not given the Court enough detail in the way of explanation, or anything beyond conclusory allegations. According to Defendant, the previous schedule modification in November 2020 already accounted for most of the circumstances now offered for a second modification—or at least it <u>should</u> have, as Plaintiff already was aware of COVID-19's impact and knew of its impending acquisition. Finally, Defendant believes that Plaintiff has not made diligent efforts to meet the prior deadlines. Defendant argues that, absent a showing of diligent efforts, Plaintiff cannot show the good cause required to modify the case schedule.[3]

The Court finds that Plaintiff has shown good cause for amending several deadlines in the Amended Scheduling Order (ECF No. 50)—but not for as long an extension as Plaintiff requests. As Plaintiff points out, it is the <u>combination</u> of the three factors—COVID-19, Plaintiff's acquisition, and Plaintiff's new counsel—that demonstrates good cause for the Court to modify the Scheduling Order. Plaintiff's motion and reply do not address Plaintiff's diligence with much attention;[4] nevertheless, the Court can infer from Plaintiff's statements

---

excusable neglect."); D. Kan. R. 6.1(a)(4) ("Parties must file the motion before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires."); *see also Asia Strategic Inv. Alliances, Ltd. v. Gen. Elec. Capital Servs., Inc.*, No 95-2479-GTV, 1996 WL 745577, at *3 (Dec. 31, 1996) ("Rule 6(b) requires a showing of excusable neglect by a party who seeks to extend after its expiration a deadline set by order of the court. Rule 16(b) requires a party to show good cause for modifying a scheduling order.").

[3] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (holding that the good cause standard "requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'") (citation omitted); *Parker v. Cent. Med. Ctr.*, 178 F. Supp. 2d 1205, 1210 (D. Kan. 2001) ("To show 'good cause' [under Rule 16(b)], the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence."); *see also Sperry v. Corizon Health, Inc.*, No. 18-3119-EFM-ADM, 2020 WL 3412483, at *2 (D. Kan. June 22, 2020) (denying pro se prisoner's motion to amend complaint—which would require modification of scheduling order—where movant "declined to set forth any examples of his own diligence").

[4] Plaintiff does claim that it needs "more time to complete discovery despite its diligent efforts." ECF No. 56, at 2. Plaintiff also asserts in its motion that its "prior lead counsel had a number of out-of-state arbitrations in August,

2

that it has been working with <u>some</u> level of diligence.  But Defendant is correct on another point: Plaintiff was aware of the impact of COVID-19 and knew that an acquisition was forthcoming in November 2020, when the parties jointly sought a modification of the Scheduling Order. The Court granted a four-month extension of the scheduling order deadlines at that time. Yet, the Court notes that nothing in the docket indicates Plaintiff initiated any discovery other than serve its first set of discovery requests. Nor does Plaintiff's motion assert that Plaintiff had undertaken any efforts to comply with its expert witness disclosure deadline prior to the deadline (or even after it passed).  For all of these reasons, the Court does not believe that Plaintiff has shown good cause for the full four-month extension it seeks or for extension of its expert witness disclosure deadline.

Defendant raised this issue of Plaintiff's out of time request for extension of Plaintiff's expert witness disclosure deadline in his response brief, but Plaintiff does not adequately address the issue in its reply brief.  As noted above, Plaintiff filed its motion three days after its expert deadline passed.  Besides arguing that the "excusable neglect" standard is actually easier to meet than the "good cause" standard,[5] Plaintiff offers no explanation why it delayed asking for an extension of time until after the deadline passed.  In other words, while Plaintiff's three reasons for needing additional time in general may suffice for extending deadlines that have not yet passed for a brief period, they do not explain why Plaintiff was

---

September, and October 2020, which further contributed to [Plaintiff]'s difficulties completing discovery." ECF No. 55, at 1.

[5] *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir.1996) ("Without attempting a rigid or all-encompassing definition of 'good cause,' it would appear to require at least as much as would be required to show excusable neglect[.]") (emphasis and citation omitted); *see also id.* ("[T]he two standards, although interrelated, are not identical and [] 'good cause' requires a greater showing than 'excusable neglect.'"); *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir. 2017) (noting that good cause requires a greater showing than excusable neglect).

unable to meet its expert disclosure deadline. Plaintiff makes no effort to show how its failure to meet that deadline was a result of excusable neglect.[6] For this additional reason, the Court declines to extend Plaintiff's expert disclosure deadline.

After the briefing of the instant motion, Defendant's deadline to disclose experts also passed. Defendant did not move to extend that time or otherwise acknowledge that the deadline was approaching or passing. To the contrary, Defendant argued in his response that the Court should deny all relief sought by Plaintiff (which would also include extension of Defendant's expert deadline). The Court therefore finds it appropriate and equitable to decline to extend Defendant's expert witness disclosure deadline and consequently the rebuttal expert witness disclosure deadline, as well.

With the above determinations in mind, the Court grants the Plaintiff's motion in part, with modifications, and sets the following deadlines and trial date:

| Event | Current Deadline | Plaintiff's Requested Deadline | New Deadline |
|---|---|---|---|
| Plaintiff's expert disclosure | January 11, 2021 | May 10, 2021 | Deadline Passed |
| Defendant's expert disclosure | February 11, 2021 | June 9, 2021 | Deadline Passed |
| Rebuttal expert disclosure | March 1, 2021 | July 2, 2021 | N/A |
| Discovery deadline | March 15, 2021 | July 16, 2021 | May 17, 2021 |
| Dispositive Motion deadline | April 12, 2021 | August 9, 2021 | June 11, 2021 |
| Motions Challenging Admissibility of Experts | April 12, 2021 | August 9, 2021 | June 11, 2021 |
| Proposed Pretrial Order due | March 26, 2021 | | May 28, 2021 |
| Telephone Pretrial | April 1, 2021 | | June 4, 2021 at 10:00 |

---

[6] The Court evaluates several factors when considering whether excusable neglect has been shown: (1) danger of prejudice to the non-moving party; (2) length of delay and its potential impact on judicial proceedings; (3) reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 385 (1993). Excusable neglect is an equitable standard, and the Court has discretion in weighing these factors. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004). But Plaintiff does not address any of them here, and the Court does not address them further, other that to note that it has considered them.

| | | | |
|---|---|---|---|
| Conference | | | AM |
| Jury Trial in Kansas City, KS before District Judge Toby Crouse.  ETT 5 days. | December 14, 2021 | | February 8, 2022 at 9:00 AM |

IT IS SO ORDERED.

Dated this 22nd day of February, 2021, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge