**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **CGB DIVERSIFIED SERVICES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  20-2120-TC-TJJ** |
| | ) | |
| **ROBIN FORSYTHE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This case is before the court on Plaintiff CGB Diversified Services, Inc.'s Motion to

Compel Discovery (ECF No. 63). Defendant Robin Forsythe agues that Plaintiff's motion is

untimely. The Court agrees.

The following rough timeline shows the relevant progression of this case:

- <u>July 10, 2020</u>: Plaintiff served discovery requests on Defendant.

- <u>August 10, 2020</u>: Discovery responses were due, but the parties had mediation scheduled
  on August 27, so they informally agreed to stay discovery until after mediation.

- <u>August 27, 2020</u>: The parties failed to settle at mediation.

- <u>September 9, 2020</u>: Plaintiff had not yet received responses to its July 10 discovery
  requests and filed a motion for extension of time to file a motion to compel. The Court
  granted the unopposed motion and imposed a deadline of October 9, 2020.

- <u>October 9, 2020</u>: The extended deadline to file a motion to compel passed (and no motion
  was filed or discovery exchanged).

- <u>November 25, 2020</u>: The parties filed a joint request to modify the Scheduling Order—
  including the discovery deadline—but did not mention the deadline for filing a motion to
  compel responses to Plaintiff's original discovery requests.

- <u>December 23, 2020</u>: Plaintiff responded to Defendant's discovery requests served June 30, 2020.

- <u>January 14, 2021</u>: Plaintiff filed an opposed motion to modify the Amended Scheduling Order, but again did not mention a deadline to file a motion to compel.

- <u>January 21, 2021</u>: Defendant responded to Plaintiff's discovery requests served July 10, 2020 "as a courtesy," although the time to respond had long-since passed.

- <u>February 18, 2021</u>: Plaintiff filed the instant motion to compel.

Plaintiff's motion is untimely. D. Kan. R. 37.1 provides that "[a]ny motion to compel discovery . . . must be filed within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause." Here, default occurred at least by October 2020.[1] The exact date is immaterial here; in any event, Defendant defaulted long ago. Although Defendant eventually responded to Plaintiff's July 2020 discovery requests on January 21, 2021, Defendant's responses did not re-start Plaintiff's deadline to file a motion to compel. Defendant had defaulted long before that time and Plaintiff's extended deadline to file a motion to compel passed in October 2020. In *Hall v. Life Care Centers of America, Inc.*, Judge Sebelius emphasized that a <u>default</u> triggers the time for a motion to compel to be filed—not just the filing of a supplemental response (or, in this case, <u>any</u> response).[2]

A motion for extension of time (which Plaintiff did not file here) must be filed "before

---

[1] The parties informally agreed to an extension to respond to discovery in August. An informal agreement without Court approval could be dangerous. While the court encourages the parties to work out their differences, without a Court order extending the deadline, Rule 37.1's 30-day deadline continues to run. Although it didn't cause a problem here, there could be a problem if the parties later disagreed. Ultimately, though, in this case, it does not impact the outcome.

[2] 16-2729-JWB-KGG, 2018 WL 3459219, at *2 (D. Kan. July 18, 2018).

the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires."[3] To determine whether a party has shown excusable neglect, the Court considers: "(1) whether the movant acted in good faith; (2) the reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings."[4]

Plaintiff is required to show excusable neglect for its untimely filing, and Plaintiff has made minimal effort to do so. In its motion, Plaintiff didn't acknowledge that the motion was late. It was only after Defendant raised the timeliness argument in his response that Plaintiff addressed the timing of the motion. But even then, Plaintiff only suggested generically that it was attempting to work through issues with counsel. And Plaintiff cited two cases where the Court has decided motions to compel on the merits, even if they were arguably out of time.[5]

The cases Plaintiff cited are distinguishable. First, the time delays in filing the motions to compel in both cases are significantly shorter than the time delay here. And second, in both cases, there was substantial evidence of the steps the parties were taking in the interim to resolve their disputes. Here, we have only Plaintiff's counsel's statement in the reply brief that "the parties continued to discuss the timing of Forsythe's discovery responses up until the day they were finally served. When the parties previously moved to extend their respective deadlines for

---

[3] D. Kan. R. 6.1(a)(4).

[4] *Layne Christensen Co. v. Purolite Co.*, No. 09-2391-JWL-GLR, 2011 WL 124538, at *1 (D. Kan. Jan. 14, 2011) (citing *Hartford Fire Ins. Co. v. P & H Cattle Co., Inc.*, No. 05-2001-DJW, 2008 WL 5046345, at *2 (D. Kan. Nov. 24, 2008) ).

[5] *Hartford Fire Ins. Co.*, 2008 WL 5046345, at *2 (21-day delay in filing motion to compel, but before the deadline passed, the plaintiff informed defense counsel of its intent to file a motion to compel, defense counsel asked for a copy, and the plaintiff provided a copy after the deadline passed); *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-2470-CM-DJW, 2005 WL 44534, at *1 (D. Kan. Jan. 7, 2005) (sixteen-day delay in filing motion to compel because the parties were negotiating in good faith).

filing motions to compel, it was understood that each party would produce responses and documents; that each party would be afforded the opportunity to review those responses and documents in good faith; and then, if necessary, counsel would work through any issues pursuant to Local Rule 37.2, which requires that counsel meet and confer in good faith before the filing of a motion to compel."[6] This unsupported statement is devoid of any details about the parties' discussions or negotiations, and, more importantly, only addresses the time prior to the motion for extension of time to file a motion to compel—which was in September 2020.

Plaintiff's explanation is inadequate to show excusable neglect. The Court need not discuss the four factors in detail. While there is no evidence that Plaintiff acted in bad faith (factor one), Plaintiff has given an insufficient reason for the delay (factor two). Plaintiff only states summarily that there is no danger of prejudice to Defendant (factor three). And the length of the delay was simply too long (factor four). The discovery deadline is rapidly approaching, and to allow the parties to belatedly battle over answers to long-stale discovery requests is likely to delay the case. Plaintiff's motion is untimely, and the Court declines to consider it on its merits.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (ECF No. 63) is denied.

Dated this 20th day of April, 2021, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge

---

[6] ECF No. 70 at 1.